# SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

**THERMA SEAL SPRAY FOAM INSULATION SYSTEMS, LLC,** including all of its subsidiaries, parent companies, affiliated companies, predecessors and successors in interest, partners, managers, officers, directors, representatives, shareholders, members, owners, attorneys, agents and employees, **THERMA SEAL INSULATION SYSTEMS, INC.,** including all of its subsidiaries, parent companies, affiliated companies, predecessors and successors in interest, partners, managers, officers, directors, representatives, shareholders, members, owners, attorneys, agents and employees, **JAMES FINCK,** including his heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendants") and **FELIX ECHEVERRIA,** including his heirs, representatives, attorneys, successors, and assigns (hereinafter referred to as "Plaintiff") ("Plaintiff' and "Defendants" are collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, state and agree as follows:

      **WHEREAS,** Plaintiff filed a lawsuit against Therma Seal Insulation Systems, Inc. and James Finck in the United States District Court, Southern District of Florida, styled *Felix Echeverria v. Therma Seal Insulation Systems, Inc. and James Finck,* Case No. 15-CV-24415 and thereafter Case No. 16-80050-CIV (collectively the "Litigation");

      **WHEREAS,** Plaintiff subsequently named Therma Seal Spray Foam Insulation Systems, LLC as a party-defendant;

      **WHEREAS,** the Parties desire to resolve all claims brought or that could have been brought in the litigation;

      **NOW THEREFORE,** the Parties agree as follows:

      **1.**    **Termination of Employment.**  Plaintiff voluntarily resigned his employment effective August 7, 2015.

      **2.**    **Settlement Amount and Attorney's Fees.**  In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle Plaintiff's claims, and payment will be made by or on behalf of Defendants in the total sum of Thirteen Thousand Five Hundred Dollars and no Cents ($13,500.00), inclusive of fees and costs, payable to the Mamane Law LLC Trust Account within seven (7) days of court approval of the parties' settlement agreement.

      <u>The parties agree that payment will be made to the Mamane Law LLC Trust Account within seven (7) days of court approval, but that in no event shall the funds be distributed from the Mamane Law LLC Trust Account until after the expiration of the revocation period set forth in Section 15 below.</u>

      From the settlement proceeds, Plaintiff, FELIX ECHEVERRIA, will receive a total of Six Thousand Six Hundred Seventy Seven Dollars ($6,677.00), allocated as follows: Three Thousand

Three Hundred Thirty Eight Dollars and Fifty Cents ($3,338.50) as wages and Three Thousand Three Hundred Thirty Eight Dollars and Fifty Cents ($3,338.50) as liquidated damages; and Plaintiff's counsel will receive Five Thousand Four Hundred Dollars ($5,400.00) as attorneys' fees and One Thousand Four Hundred Twenty Three Dollars ($1,423.00) as costs.

Plaintiff understands and agrees that the payments and benefits enumerated in this Section are all that he will receive from Defendants. Except as specifically provided above, Plaintiff waives all claims for overtime pay, commissions, bonuses, back pay, future pay, benefits, allowances, paid time off, vacation, sick leave, expense reimbursements, or any other form of compensation in connection with Plaintiff's employment or termination therefrom. Plaintiff will receive no further wage, commission, bonus, sick leave, vacation, paid time off, severance or other payments from Defendants. The payments and benefits enumerated in this Section include consideration for Plaintiff signing this Agreement and fulfilling the promises contained herein.

3.   **Dismissal with Prejudice of Lawsuits.**   Upon the Court's approval of this Agreement in the Litigation and the entry of an Order by the Court approving this Agreement, Plaintiff shall dismiss all lawsuits, petitions, charges, and claims against Defendants with prejudice.

4.   **Additional Affirmations.**   Plaintiff affirms that he has been granted any leave to which he was entitled under the Family Medical Leave Act or related state or local leave or disability accommodation laws. Plaintiff promises and affirms that he has no workplace injuries or occupational diseases or claims under workers' compensation laws. Plaintiff affirms that he has not been retaliated against for reporting any allegations of wrongdoing by Defendants, including any allegations of corporate fraud.

5.   **Mutual General Release.**   In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Plaintiff and Defendants unconditionally release and discharge the other (collectively referred to as the "Released Parties"), from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, suspected or unsuspected, now accrued or hereafter to accrue, which either party now owns or holds, or has owned or held against the Released Parties, through the date of execution of this Agreement, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of his employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Older Workers Benefit Protection Act; the Age Discrimination in Employment Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Florida Civil Rights Act; the National Labor Relations Act; the Genetic Information Nondiscrimination Act; the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; the Palm Beach County Equal Opportunity Ordinance; any and all

amendments to the foregoing; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the Litigation.

     6.    **Mediation.** Each party shall pay their respective portion for the mediation that took place on March 28, 2016.

     7.    **Confidentiality**. The parties will maintain the terms of this agreement confidential and shall not disclose the terms of this agreement to any third party, with the exception of their lawful spouse, an accountant for tax reporting purposes, pursuant to a subpoena or when otherwise required by law, for approval of this agreement, and for enforcement of this agreement. In the event of a suit for breach of confidentiality of this agreement, the prevailing party shall be entitled to their reasonable attorney's fees and costs.

     8.    **Indemnification.** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, members, subsidiaries, affiliates, heirs, representatives, attorneys, successors, and assigns, from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity (including without limitation, Plaintiff, the IRS, or any other person) relating, directly or indirectly, to the monies received by Plaintiff hereunder.

     9.    **No Re-Hire.** Plaintiff hereby agree and recognizes: (a) that Plaintiff's employment with Defendants has ended and Plaintiff will not apply for or otherwise seek employment with Defendants or their divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors; and (b) that Defendants have no obligation to employ, hire, reinstate or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if Plaintiff applies and/or is hired by Defendants or any of its affiliated entities in the future, this Agreement is sufficient and appropriate legal grounds for denying employment and/or terminating Plaintiff's employment regardless of whether the entity is specifically mentioned herein. The Parties further agree that any future acts by Defendants in denying Plaintiff's employment, shall not be construed as retaliation, including pursuant to 29 U.S.C. 215(a)(3).

     10.    **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA or in this Litigation, and expressly deny any and all such liability.

     11.    **Non Disparaging Remarks**. The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay and will not make

any reference to this lawsuit or Plaintiff's claim for overtime wages. The parties shall not, directly or indirectly through a third party, disparage or denigrate the other. The parties will not make any statement or take any action that is intended to disparage or denigrate the other.

12.     **Jurisdiction.**   The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation, and that the Court is to retain jurisdiction to enforce the terms of this settlement agreement. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Palm Beach County, Florida. Each party agrees that Palm Beach County, Florida shall be the exclusive jurisdiction and venue of any litigation or special proceeding to resolve any dispute or claim arising from or related to or connected with this Agreement, including any claims based upon statute, common law or rule. The parties hereby waive any objection to such forum based upon venue or *forum non conveniens* grounds.

13.     **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     **No Lawsuits or Claims**. Plaintiff agrees not to institute or have instituted on his behalf any lawsuit, petition, charge or claim against Defendants that he is releasing and waiving under this Agreement with any judicial or administrative agency. Plaintiff agrees that with respect to the claims he is waiving, he is waiving not only his right (whether alleged or otherwise) to any recovery of money or other relief in any action that he might institute, but also that he is waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the United States Equal Employment Opportunity Commission, the Palm Beach County Office of Equal Opportunity, or any other federal, state or local governmental agency or department.

15.     **Review, Consideration, and Effective Date of Agreement**. Plaintiff confirms that he is over the age of 40 and has been given twenty-one (21) days to review and consider this Agreement before signing it. Plaintiff understands that he may use as much or as little of this period as he wishes prior to signing. Plaintiff has had an opportunity to review this Agreement with counsel and obtain the advice of counsel. He acknowledges that he has been advised in writing to consult an attorney prior to accepting this agreement.

If this Agreement is signed by Plaintiff and returned to the Defendants within the time specified above, Plaintiff may revoke this Agreement within seven (7) calendar days of the date of his signature. Revocation can be made by delivering written notice of revocation to the Defendants, through their counsel. For this revocation to be effective, written notice must be

delivered to the Defendants (through their counsel) no later than the close of business on the seventh (7th) calendar day (or next business day thereafter) after Plaintiff signs this Agreement.

To the extent payment is made to the Mamane Law LLC Trust Account prior to the expiration of the revocation period set forth herein, and Plaintiff revokes this Agreement, the Agreement shall not be effective or enforceable, and no funds shall be disbursed from the Mamane Law LLC Trust Account. Instead, Mamane Law LLC shall immediately return the full payment ($13,500) to counsel for Defendants, together with any written notice of revocation.

This Agreement shall become effective immediately following the expiration of the revocation period, provided that Plaintiff has not timely revoked the Agreement. If Plaintiff does not date the Agreement then, in that event, the effective date of this Agreement shall be calculated from the date the Agreement is received by the Defendants.

**16.**     **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

**17.**     **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. This Agreement may not be amended or modified other than by a written agreement executed by the parties hereto.

**18.**     **Enforcement.** In the event any action is commenced to enforce this settlement agreement, the prevailing party shall be entitled to reasonable fees and costs, including through all trial and appellate levels.

**19.**     **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that this agreement has been translated from English to Spanish by his legal counsel, if necessary, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, that Plaintiff has been represented by counsel throughout the Litigation and settlement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence. Plaintiff acknowledges and represents that he has not relied upon any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement except for those set forth in this Agreement.

**20.     WAIVER OF JURY TRIAL. EACH PARTY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY AND ALL RIGHTS IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY DISPUTE, LITIGATION OR COURT ACTION (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS, CROSSCLAIMS OR THIRD-PARTY CLAIMS) ARISING FROM, GROWING OUT OF, OR RELATED TO THIS AGREEMENT. THE PARTIES ACKNOWLEDGE THAT THIS WAIVER IS A SIGNIFICANT CONSIDERATION TO, AND A MATERIAL INDUCEMENT FOR THE PARTIES TO ENTER INTO THIS AGREEMENT. EACH**

PARTY HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF THE OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT EITHER PARTY WOULD NOT, IN THE EVENT OF SUCH LITIGATION, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO JURY TRIAL PROVISION.

     **21.**   **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS TO THE DATE OF THIS AGREEMENT INCLUDING THOSE PURSUANT TO LAWS PROHIBITING DISCRIMINATION IN EMPLOYMENT.

EMPLOYEE ACKNOWLEDGES THAT EMPLOYEE HAS READ THIS AGREEMENT, UNDERSTANDS IT AND IS VOLUNTARILY ENTERING INTO IT.

**FELIX ECHEVERRIA**

By: _____
    FELIX ECHEVERRIA

Date: _4/19/2016_____

**THERMA SEAL SPRAY FOAM INSULATION SYSTEMS, LLC**

By: _____
Name: _James Finck_____
Title: _Pres._____
Date: _____4/21/16_____

**JAMES FINCK**

By: _____
    JAMES FINCK

Date: _____4/21/16_____

**THERMA SEAL INSULATION SYSTEMS, INC.**

By: _____
Name: _James Finck_____
Title: _Pres._____
Date: _____4/21/16_____